1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PETER GRAVES,

11              Plaintiff,                    No. CIV S-10-2970 WBS EFB PS

12         vs.

13   ERIC HOLDER,

14              Defendant.                    ORDER
     _____/

15

16         This case, in which plaintiff is proceeding *in propria persona*, was referred to the

17   undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule

18   302(c)(21). On November 23, 2010, the undersigned granted plaintiff's request to proceed *in*

19   *forma pauperis*; directed plaintiff to supply the United States Marshal, within 14 days, all

20   information needed by the Marshal to effect service of process; and directed the U.S. Marshal to

21   serve process within 90 days of receipt of the required information from plaintiff, without

22   prepayment of costs.[1]  Dckt. No. 3.  On December 14, 2010, plaintiff notified the court that he

23

24         [1]  The undersigned also stated: "Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed
     to dismiss a case filed pursuant to the *in forma pauperis* statute if, at any time, it determines that
25   the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim
     on which relief may be granted, or seeks monetary relief against an immune defendant.  To the
26   extent plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, the court

                                              1

delivered the service materials to the U.S. Marshal on December 14, 2010, Dckt. No. 10, and on

January 3, 2011, the U.S. Marshal informed the court that defendant was served on December 16

and 17, 2011 (with an answer due on February 14, 2011). Dckt. Nos. 11, 12.

Since the November 23 order, plaintiff has filed several miscellaneous requests with the

court. Specifically, on December 10, 2010, plaintiff filed (1) a motion for defendant to be

present during court proceedings in this action, Dckt. No. 6; (2) a motion to video-tape court

proceedings for defendant's review if defendant "refuses to be present in the courtroom," Dckt.

No. 7; (3) a motion to compel defendant to fill out a questionnaire prepared by plaintiff, Dckt.

No. 8; and (4) a motion to compel certain third parties to fill out questionnaires prepared by

plaintiff, Dckt. No. 9. Then, on January 19 and 26, 2011, plaintiff filed requests for rulings on

his earlier motions. Dckt. Nos. 13, 14. Finally, on January 28 and 31, 2011, plaintiff filed two

additional motions to compel third parties to fill out questionnaires prepared by plaintiff, and a

"motion for leeway" relating to one of those motions to compel. Dckt. Nos. 15, 16, 17.

As an initial point, none of plaintiff's motions comply with the notice requirements set

forth in the Local Rules. *See* E.D. Cal. L.R. 230, 251. Additionally, because defendant has not

yet appeared in this action and because plaintiff's motions for defendant to be present during

court proceedings and for court proceedings to be video-taped, Dckt. Nos. 6 and 7, are neither

necessary nor ripe, those motions will be denied. Further, although plaintiff seeks to compel

defendant and third parties to respond to his questionnaires, Federal Rule of Civil Procedure

26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have

conferred as required by Rule 26(f) . . . ."[2] Here, defendant has not answered plaintiff's

---

cannot make this determination on the present record. Therefore, the court reserves decision on
these issues until the record is sufficiently developed." Dckt. No. 3 at 1, n.1.

[2] It also does not appear that plaintiff has served defendants or the third parties with
proper discovery requests pursuant to the Federal Rules of Civil Procedure. Additionally, to the
extent plaintiff seeks to have the U.S. Marshal serve his discovery requests, *see* Dckt. No. 15,
that request is denied since plaintiff has not shown that such costs are contemplated by 28 U.S.C.

complaint and there is no indication that the parties have conferred as required by Rule 26(f).
Therefore, plaintiff's motions to compel, Dckt. Nos. 8, 9, 15, and 17, and the related "motion for
leeway" will be denied.

       Accordingly, IT IS HEREBY ORDERED that:

       1.  Plaintiff's motion for defendant to be present during court proceedings, Dckt. No. 6, is
denied;

       2.  Plaintiff's motion to video-tape court proceedings, Dckt. No. 7, is denied;

       3.  Plaintiff's motions to compel, Dckt. Nos. 8, 9, 15, and 17, are denied;

       4.  Plaintiff's motion for leeway, Dckt. No. 16, is denied; and

       5.  Plaintiff's requests for rulings on his earlier motions, Dckt. Nos. 13 and 14, are denied
as moot.

DATED:  February 3, 2011.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

§ 1915.  *See Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989) (The expenditure of public funds on
behalf of an indigent litigant is proper only when authorized by Congress); *Toliver v. Community
Action Com'n to Help the Economy, Inc.*, 613 F. Supp. 1070, 1072 (D.C.N.Y. 1985).

3