IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PETER GRAVES,

      Plaintiff,                        No. CIV S-10-2970 WBS EFB PS

      vs.

ERIC HOLDER,

                                       ORDER AND
      Defendant.                   FINDINGS AND RECOMMENDATIONS

_____/

       This case, in which plaintiff is proceeding *in propria persona* and *in forma pauperis*, was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) and Eastern District of California Local Rule 302(c)(21). Currently pending before the undersigned are defendant's motion to dismiss plaintiff's complaint pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1), 12(b)(6), and 56, Dckt. No. 21, and various miscellaneous motions filed by plaintiff, including motions for summary judgment, Dckt. Nos. 19, 20, 24, 27-29, 32-34, 44-45, 48-52, 54-55, 58-61, 65-66. For the reasons stated herein, the undersigned recommends that defendant's motion to dismiss be granted without leave to amend and plaintiff's motions for summary judgment and other miscellaneous motions be denied as moot.

////

////

## I. BACKGROUND

Plaintiff's complaint against Eric Holder, the Attorney General of the United States, alleges that plaintiff "suffered gross negligence" by the Equal Employment Opportunity Commission ("EEOC") during proceedings related to plaintiff's employment discrimination claim against the State Department in which plaintiff received an adverse ruling from the EEOC, and by the Department of Justice ("DOJ"), who plaintiff alleges failed to regulate the "EEOC courtrooms." Compl., Dckt. No. 1 at 1; *see also* Ex. 5 at 2. Essentially, plaintiff alleges that complainants before the EEOC, including plaintiff, are denied their 1st, 7th, 8th, and 14th Amendment rights in proceedings before the EEOC, and that the DOJ is ultimately responsible for that denial since the DOJ breached its duty to ensure that plaintiff's constitutional rights were not violated during the EEOC process. *Id.* Plaintiff's complaint also alleges that federal employers, such as the DOJ, unconstitutionally use an individual's credit rating and student loan payment information as a means for employment. *Id.* at 2.

Plaintiff's complaint requests that the court require the DOJ to force federal employers and the EEOC to uphold plaintiff's 7th, 8th, and 14th Amendment rights. *Id.* Specifically, plaintiff wants the court to require the DOJ to (1) prevent discrimination by federal agencies through regular audits, (2) enforce equality measures with the EEOC system to ensure complainants receive fair hearings, (3) enforce "'transparency' of equality within the EEOC system," and (4) immediately suspend the provision of federal funds to the EEOC and federal agencies who do not comply with the 14th Amendment. *Id.* Plaintiff requests that the court require the DOJ to implement various rules and regulations suggested by plaintiff.[1] *Id.* at 10-13.

---

[1] Plaintiff has also filed numerous other actions in this court. *See Graves v. Berrien*, 2:10-cv-3015 MCE EFB (E.D. Cal.); *Graves v. Clinton*, 2:10-cv-3106-JAM-DAD (E.D. Cal.) (closed); *Graves v. Clinton*, 2:10-cv-03128-JAM-KJN (E.D. Cal.) (closed); *Graves v. Clinton*, 2:10-cv-3156-MCE-KJN (E.D. Cal.); *Graves v. Donahoe*, 2:11-cv-329-MCE-EFB (E.D. Cal.); *Graves v. Visek*, 2:11-cv-367-JAM-GGH (E.D. Cal.) (closed); *Graves v. Sebelius*, 2:11-cv-453-MCE-EFB (E.D. Cal.); *Graves v. Dep't of Health & Human Servs.*, 2:11-cv-1077-JAM-GGH (E.D. Cal.); *Graves v. Sutter Bd. of Directors*, 2:11-cv-1078-JAM-CMK (E.D. Cal.) (closed);

II.     MOTION TO DISMISS

Defendant now moves to dismiss plaintiff's complaint for lack of subject matter jurisdiction and for failure to request legally cognizable relief, arguing that "this Court has no supervisory jurisdiction over executive branch investigations" and that "Plaintiff cannot satisfy his burden in demonstrating otherwise." Mot., Dckt. No. 21-1 at 9. Defendant also argues that "[t]o the extent this action is construed as a constitutional claim against the Attorney General under *Bivens v. Six Unknown Named Agents of the Fed. Bur. of Narcotics*, 403 U.S. 388, 396 (1971), it is barred by sovereign immunity and must be dismissed." *Id.* Further, "[t]o the extent it is construed as a tort claim under the Federal Torts Claim Act, it must be dismissed for lack of subject matter jurisdiction as plaintiff failed to exhaust his statutorily-required administrative remedies." *Id.* Plaintiff opposes the motion. Pl.'s Opp'n, Dckt. No. 26.[2]

A.     Legal Standards Under 12(b)(1)

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, (1994) (internal citations omitted). Rule 12(b)(1) allows a party to seek dismissal of an action where federal subject matter jurisdiction is lacking. "When subject matter jurisdiction is challenged under Federal Rule of Procedure 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir.2001).

////

---

*Graves v. Sutter Bd. of Directors*, 2:11-cv-1119-KJM-KJN (E.D. Cal.); *Graves v. U.S. Dep't of Health & Human Servs.*, 2:11-cv-1120-KJM-KJN (E.D. Cal.); *Graves v. UC Davis*, 2:11-cv-1164-KJM-KJN (E.D. Cal.); *Graves v. Mendez*, 2:11-cv-1316-KJM-EFB (E.D. Cal.) (closed); *Graves v. Johnson*, 2:11-cv-1851-GEB-GGH (closed); *Graves v. Experian*, 2:11-cv-1943-GEB-JFM (closed); *Graves v. Experian*, 2:11-cv-1977-GEB-JFM (closed); *Graves v. Experian*, 2:11-cv-1988-GEB-JFM; *Graves v. The Big 3 Credit Agencies*, 2:11-cv-2024-MCE-GGH.

[2] Although plaintiff filed his opposition in numerous sub-parts, document number 26 is labeled his "final opposition" and appears to contain all of the sub-parts previously filed. *See* Dckt. No. 26; *see also* Dckt. Nos. 24 and 25.

A party may seek dismissal for lack of jurisdiction "either on the face of the pleadings or by presenting extrinsic evidence." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (citing *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000)). In a factual challenge, the court may consider evidence demonstrating or refuting the existence of jurisdiction. *Kingman Reef Atoll Invs., LLC v. United States*, 541 F.3d 1189, 1195 (9th Cir. 2008). "In such circumstances, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* (quoting *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)).

B.  Legal Standards Under 12(b)(6)

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id.* (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, __ U.S. __, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969). The court will "'presume that general allegations embrace those specific facts that are

4

necessary to support the claim.'" *Nat'l Org. for Women, Inc. v. Scheidler*, 510 U.S. 249, 256 (1994) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

The court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1388, and matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

C.   Pro Se Standards

The court is mindful of plaintiff's pro se status. Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). However, although the court must construe the pleadings of a pro se litigant liberally, *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985), that liberal interpretation may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network,* 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

D.   Discussion

Defendant contends that this court lacks subject matter jurisdiction over plaintiff's claims since (1) plaintiff lacks standing to sue defendant because he does not have a legally cognizable injury; (2) plaintiff's claims are barred by sovereign immunity; (3) plaintiff's tort claim is barred by sovereign immunity because plaintiff failed to exhaust his administrative remedies in

5

accordance with the Federal Tort Claims Act ("FTCA"); and (4) plaintiff's constitutional claims are barred by sovereign immunity. Dckt. No. 21-1 at 13-18. Defendant further contends that plaintiff's complaint fails to state a claim for which relief may be granted since Title VII of the Civil Rights Act of 1964 ("Title VII") is plaintiff's exclusive remedy and plaintiff lacks a cognizable claim. *Id.* at 18-20.

Federal courts only have the power to hear cases in which the plaintiff has standing. Defendant argues that plaintiff lacks standing here "because he does not, and cannot, allege that he suffered any legally cognizable injury that was caused by the Attorney General or that is redressable by the Court." Dckt. No. 21-1 at 13. Defendant contends that the Attorney General is subject to the discretionary authority of the federal government's executive branch, not the Courts, and that therefore "district courts do not have the authority to interfere with the decision-making process of the executive branch regarding whether and when it decides to conduct a criminal, administrative, or regulatory investigation." *Id.* at 13-14. "Quite simply, the decision regarding whether or not to investigate and/or prosecute is left to the discretion of the Department of Justice, not the Courts." *Id.* at 14. Defendant contends that therefore, "plaintiff's complaint lacks cognizable legal relief, and plaintiff lacks standing." *Id.* at 14-15.

If a plaintiff has no standing, the court has no subject matter jurisdiction. *Nat'l Wildlife Fed'n v. Adams*, 629 F.2d 587, 593 n.11 (9th Cir. 1980) ("[B]efore reaching a decision on the merits, we [are required to] address the standing issue to determine if we have jurisdiction."). There are three requirements that must be met for a plaintiff to have standing: (1) the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is both concrete and particularized and actual or imminent; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *Wash. Legal Found. v. Legal Found. of Wash.*, 271 F.3d 835, 847 (9th Cir.2001) (en banc).

6

Here, defendant is correct that plaintiff lacks Article III standing to bring this action. Plaintiff simply cannot establish the third prong of the standing requirement – that he suffered an injury that is redressable by this court. Plaintiff has not provided any authority establishing that this court has the ability to interfere with the decision-making process of the U.S. Attorney General regarding whether and when the Attorney General or the Department of Justice decides to conduct a criminal, administrative, or regulatory investigation, nor has plaintiff shown that it has the authority to compel defendant to do what plaintiff seeks through this civil action.[3] *See Jett v. Castaneda*, 578 F.2d 842, 845 (9th Cir. 1978) ("Nowhere in the Constitution or in the federal statutes has the judicial branch been given power to monitor executive investigations before a case or controversy arises. Without an indictment or other charge bringing a defendant before the court, or in the absence of a supervisory jurisdiction over the course of executive investigations."); *see also Powell v. Katzenbach*, 359 F.2d 234 (D.C. Cir. 1965) ("It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General.").

Plaintiff contends that this court has jurisdiction over plaintiff's complaint under *Bivens v. Six Unknown Named Agents of the Fed. Bur. of Narcotics*, 403 U.S. 388, 396 (1971) ("*Bivens*") because defendant, the Attorney General, is responsible for the loss of plaintiff's constitutional rights. Dckt. No. 26 at 25, 42-44; Compl. at 1, 2. However, although *Bivens* provides a remedy for violation of civil rights by federal actors, plaintiff's *Bivens* claim against

---

[3] Although plaintiff contends that he has standing to sue defendant under 42 U.S.C. § 2000e-16, which provides that government agencies or officials are not relieved of their "primary responsibility to assure nondiscrimination in employment as required by the Constitution and statutes," lawsuit brought under that section are properly brought against the head of the alleged discriminating agency. *Vinieratos v. United States*, 939 F.2d 762, 772 (9th Cir. 1991). Here, plaintiff's allegations regarding his EEO complaint against the State Department are properly raised in his action against the Secretary of that department, Hillary Clinton. *See Graves v. Clinton*, 2:10-cv-3156-MCE-KJN (E.D. Cal.). Additionally, to the extent plaintiff contends he was discriminated against by the FBI when it rejected his employment application based on his student loan status and credit report, those allegations could be made in a Title VII action against defendant, assuming plaintiff exhausted his administrative remedies and timely filed that action.

defendant in his official capacity is barred by the doctrine of sovereign immunity.[4]  Dckt. No. 21-1 at 15, 17-18.

As defendant notes, the United States is a sovereign, and may not be sued without its consent.  *United States v. Testan*, 424 U.S. 392, 399 (1976).  A suit against federal officers or employees in their official capacity is essentially a suit against the United States and is therefore also barred by sovereign immunity absent statutory consent.  *Gilbert v. DaGrossa*, 756 F.2d 1455, 1458 (9th Cir. 1985).  The FTCA is the exclusive vehicle for filing a tort action against a federal agency or officer.  *See* 28 U.S.C. § 2679; *Kennedy v. U.S. Postal Serv.*, 145 F.3d 1077, 1078 (9th Cir.1998) (per curiam); *Jerves v. United States*, 966 F.2d 517, 518 (9th Cir. 1992) ("The Act vests the federal district courts with exclusive jurisdiction over suits arising from the negligence of Government employees.").  "*Bivens* does not provide a means of cutting through the sovereign immunity of the United States itself." *Arnsberg v. United States*, 757 F.2d 971, 980 (9th Cir. 1985) (citing *Bivens*, 403 U.S. at 396); *Daly-Murphy v. Winston*, 837 F.2d 348, 355 (9th Cir. 1987) (*Bivens* suit cannot be maintained against a defendant in his or her official capacity). Here, because plaintiff's only allegations against defendant are based on his actions or inaction in his official capacity, any such *Bivens* claim is barred by the doctrine of sovereign immunity.[5] Accordingly, plaintiff's complaint must be dismissed.  Because amendment cannot overcome this impediment to suit and would be futile, plaintiff should not be granted leave to amend.
////

---

[4] Defendant contends that plaintiff's complaint is against defendant in his official capacity since the complaint does not state otherwise and since the only relief requested calls for official action to be taken on plaintiff's behalf.  Dckt. No. 21-1 at 15.  Regardless, plaintiff concedes in his opposition that this action is brought against defendant in his official capacity.  Dckt. No. 26 at 44, 49.

[5] Defendant also argues that to the extent plaintiff's complaint purports to state a tort claim, such a claim is barred since plaintiff failed to exhaust his administrative remedies under the FTCA.  *Id*. at 16-17.  Here, although plaintiff's complaint alleges "gross negligence," plaintiff admits in his opposition that he cannot, and is not purporting to, state a tort claim against defendant under the FTCA.  Dckt. No. 26 at 22, 25, 45, 49.

### III. PLAINTIFF'S MISCELLANEOUS MOTIONS

Plaintiff moves for summary judgment on his claim that the use of credit information in the employment process is unconstitutional. Dckt. Nos. 24, 44, 49. However, as provided herein, plaintiff's complaint must be dismissed without leave to amend. Therefore, plaintiff's motion for summary judgment is rendered moot and should be denied on that basis. *See* Def.'s Opp'n, Dckt. No. 37. For the same reason, plaintiff's miscellaneous motions, Dckt. Nos. 19, 20, 27, 28, 29, 32, 33, 34, 45, 48, 50, 51, 52, 54, 55, 58, 59, 60, 61, 65, and 66, should also be denied as moot.

### IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that the status (pretrial scheduling) conference currently set for hearing on September 14, 2011 is vacated.[6].

IT IS FURTHER RECOMMENDED that:

1. Defendant's motion to dismiss, Dckt. No. 21, be granted and plaintiff's complaint be dismissed without leave to amend;

2. Plaintiff's motions for summary judgment, Dckt. Nos. 24, 44, and 49, be denied;

3. Plaintiff's miscellaneous motions, Dckt. Nos. 19, 20, 27, 28, 29, 32, 33, 34, 45, 48, 50, 51, 52, 54, 55, 58, 59, 60, 61, 65, and 66, be denied; and

4. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

---

[6] As a result, the parties are not required to submit status reports as provided in the November 23, 2010 order. *See* Dckt. No. 4. However, if the recommendation of dismissal herein is not adopted by the district judge, the undersigned will reschedule the status conference and require the parties to submit status reports.

1 within the specified time may waive the right to appeal the District Court's order. *Turner v.*
2 *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
3 DATED: September 1, 2011.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE